UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ARELINE SOTO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-204 |
| § | |
| TEXAS DEPARTMENT OF FAMILY § | |
| AND PROTECTIVE SERVICES; aka CPS, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This case arises out of claims of employment discrimination and retaliation brought under Title VII, the ADA, and the Texas Workers' Compensation Statute. Pending before the Court is Defendant Texas Department of Family and Protective Service's ("CPS") Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)("Motion"). Dkt. 15. After considering the Motion, the response, the reply, all relevant filings and the applicable law, the Court **GRANTS** CPS's Motion for the reasons set forth below.

### BACKGROUND

Plaintiff Areline Soto ("Soto") sued her former employer, CPS, asserting five claims: (1) employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation pursuant to Title VII; (3) discrimination under Title I of the American with Disabilities Act ("ADA") , 42 U.S.C. § 12112; (4) retaliation under Title V of the ADA, 42 U.S.C. § 12203; and (5) retaliation under Section 451 of the

1

Texas Labor Code, also known as the Anti-Retaliation Act within the Workers' Compensation Statute ("Texas Anti-Retaliation Act").

CPS moved for partial dismissal of Soto's ADA discrimination and retaliation claims and her Texas Anti-Retaliation Act claim pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 15. Soto amended her original complaint, replacing claims under the ADA with claims under the Rehabilitation Act of 1973 ("Rehabilitation Act").[1] *See* Dkt. 23. Soto responded to CPS's Motion, alleging that because she replaced claims under the ADA claims with claims under the Rehabilitation Act, CPS's Motion should be denied as moot. *See* Dkt. 24. CPS asserts that their Partial Motion to Dismiss is not moot because Soto is still pursuing a claim for retaliation under the Texas Anti-Retaliation Act. Dkt. 25. Also, CPS contends that it has immunity, under the Eleventh Amendment, from Soto's claims under the Texas Anti-Retaliation Act. Dkt. 15.

## RULE 12(B)(1) STANDARD OF REVIEW

A party may challenge the subject matter jurisdiction of the district court pursuant to Federal Rule of Civil Procedure 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing subject matter jurisdiction for the 12(b)(1) motion. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001). A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City*

---

[1] Although Soto replaced her ADA claims with claims filed under The Rehabilitation Act of 1974, the Court notes that Soto's ADA claims are barred by the Eleventh Amendment. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); *Dottin v. Texas Dept. of Criminal Justice*, 627 Fed. App'x. 397 (5th Cir. 2015).

*of Madison, Miss.* 143 F.3d 1006, 1010 (5th Cir. 1998). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).[2]

Under Rule 12(b)(1), the Fifth Circuit recognizes two types of challenges to a court's subject-matter jurisdiction—facial attacks and factual attacks. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When a defendant files a 12(b)(1) motion unaccompanied by supporting evidence it is considered a facial attack and the court merely looks "to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* In the event that a defendant makes a factual attack on the court's subject-matter jurisdiction, the defendant submits affidavits, testimony or other evidentiary materials. *Id.* When resolving these factual challenges to subject matter jurisdiction, the court has discretion to review documents outside of the pleadings. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986). The question of subject matter jurisdiction is for the court to decide even if the question hinges on legal or factual determinations. *Barrera–Montenegro*, 74 F.3d at 659.

## ANALYSIS

CPS contends that it is immune from suit, under the Eleventh Amendment, from Soto's claims under the Texas Anti-Retaliation Act. Dkt. 25. It is a well-settled principle

---

[2] The Court notes that although not expressly pled, Soto asserts a claim for retaliation under Section 451 of the Texas Labor Code, also known as the Anti-Retaliation Act within the Workers' Compensation Statute.

that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). CPS, as a state agency, is entitled to the protections of sovereign immunity. Therefore, unless CPS expressly waived its Eleventh Amendment immunity from claims brought under the Texas Anti-Retaliation Act, CPS is immune from suit.

In this case, Soto has pled no abrogation or waiver of CPS's Eleventh Amendment immunity under the Texas Anti-Retaliation Act. Instead, Soto argues that CPS's Partial Motion to Dismiss is moot because she replaced all ADA claims with claims under the Rehabilitation Act, precluding dismissal under Rule 12(b)(1). *See* Dkt. 24. For the reasons explained below, the Court disagrees.

### A. Texas Anti-Retaliation Act Claim

CPS seeks dismissal with prejudice of Soto's retaliation claim under the Texas Anti-Retaliation Act. Dkt. 15. CPS asserts it is immune from liability based on Texas sovereign immunity. *Id.* Soto alleges that on or about December 31, 2014, she was recommended for termination in retaliation for her request to accommodate her disability in violation of the Texas Anti-Retaliation Act. Dkt. 23. CPS alleges that Soto's "claim is barred because there is no clear waiver of sovereign immunity within Section 451.001 and 451.003 of the Texas Labor Code." Dkt. 15. The Court agrees.

Although Soto replaced claims filed under ADA with claims filed under the Rehabilitation Act of 1973, Soto failed to respond to CPS's argument that CPS is immune from suit under the Texas Anti-Retaliation Act. The Eleventh Amendment

4

operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F. 3d 336, 340 (5th Cir. 2011). The state and its agencies are immune from suit under the Eleventh Amendment unless immunity is expressly waived. *Id.* Because CPS has shown as a matter of law that it retains its sovereign immunity on liability against Soto's Texas Anti-Retaliation Act claim, the Court concludes that its Partial Motion to Dismiss should be **GRANTED**. Soto's employment discrimination and retaliation claims under Title VII, and claim under the Rehabilitation Act of 1973 remain.

## CONCLUSION

After careful consideration of the pleadings, the Motion, the response, the reply, all relevant filings and the applicable law, the Court finds that Defendants' Partial Motion to Dismiss (Dkt. 15) should be **GRANTED**. Soto's ADA discrimination and retaliation claims are **DISMISSED AS MOOT** because Soto filed an amended complaint no longer seeking to prosecute those claims. Soto's Texas Anti-Retaliation Act claim is **DISMISSED** for lack of jurisdiction, **WITH PREJUDICE**, because further amendment would be futile.

**IT IS SO ORDERED.**

SIGNED AT GALVESTON, TEXAS, on June 27 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE